**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LETICIA J. SANTIAGO,<br><br>             Plaintiff,<br><br>     v.<br><br>PROCOLLECT, INC.,<br><br>             Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes LETICIA J. SANTIAGO ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of PROCOLLECT, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

1

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Fresno County, California, which is located within the Eastern District of California.

5. Defendant boasts itself as "one of the nation's premier debt collection agencies[.]"[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 12170 Abrams Road, Suite 100, Dallas, Texas 75243. Defendant engages in collection activities in several different states, including the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon a defaulted consumer debt ("subject debt") that Plaintiff purportedly owed to Copper Beech Fresno Apartments ("Copper Beech").

---

[1] https://procollect.com/

8. In 2019, Plaintiff was looking to improve her credit, so she accessed her credit report and discovered that Defendant was reporting the subject debt in the amount of $627.

9. Plaintiff's credit report also revealed that the subject debt was assigned to Defendant in April 2019.

10. Plaintiff was taken aback by the reporting of the subject debt, as she did not believe that she owed a balance to Copper Beech.

11. As a result, Plaintiff contacted Defendant and informed it that the subject debt was in fact not owed, as there was a mistake on the part of Copper Beech.

12. Rather than attempting to alleviate the discrepancy, Defendant ridiculed Plaintiff and unfairly suggested that Plaintiff was making excuses in order to avoid paying the subject debt.

13. This attack on Plaintiff's character was highly upsetting to Plaintiff, as she was simply attempting to obtain additional information regarding the subject debt.

14. To add to Plaintiff's confusion, on or about November 20, 2019, Plaintiff's husband, Leo Santiago Lopez, received a dunning notice from Southern Management Systems, Inc. ("SMS"), another third party debt collector, who was seeking to collect upon the same subject debt in the amount of $626.83.

15. Plaintiff was perplexed by SMS's correspondence, considering the fact that as of the date SMS sent its letter, Defendant was still continuing its efforts to collect upon the same subject debt as SMS.

16. Around this time, Plaintiff disputed the subject debt to Equifax Information Services, LLC ("Equifax"), a credit reporting agency, and Equifax's December 11, 2019 reinvestigation results revealed that Defendant was reporting the subject debt as "accurate" as of December 2019.

17. This situation was extremely confusing to Plaintiff, as SMS's dunning notice clearly demonstrated that the subject debt was placed with SMS in November 2019, and was thus no longer with Defendant, who initially began servicing the debt in April 2019.

18. Yet, Defendant continued to erroneously report the same subject debt on Plaintiff's credit report.

19. Frustrated and confused over Defendant's conduct, Plaintiff spoke with Wajda regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to aggravation and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2004.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692d**

---

[2] https://www.acainternational.org/search#memberdirectory

4

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

28. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unwarranted attack on Plaintiff's character by insinuating that she was making excuses, when in fact, Plaintiff was simply attempting to gather more information regarding the subject debt.

### a. Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to Equifax when the subject debt was no longer with Defendant. On November 20, 2019, SMS, a different third party debt collector, sent a dunning notice to Plaintiff's husband with regard to the same subject debt. Plaintiff even disputed Defendant's reporting of the subject debt to Equifax, who provided Plaintiff with its reinvestigation results on December 11, 2019. This report explicitly states that the subject debt was assigned to Defendant in

April 2019, and that the reporting was verified as accurate as of December 2019, which cannot be true, as SMS was assigned the debt in November 2019. Consequently, Defendant knowingly communicated false and incomplete credit information to Equifax in an effort to extract payment from Plaintiff.

### b. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to use personal attacks to assault Plaintiff in its debt collection campaign. Any reasonable fact finder will conclude that Defendant's demeaning comments, in conjunction with the false credit information Defendant communicated to the credit reporting agencies, was an unfair and unconscionable effort to collect upon the subject debt.

34. As pled in paragraphs 17 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LETICIA J. SANTIAGO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

37. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

38. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 – 1788.17

39. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

40. As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692d, e, and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

41. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, LETICIA J. SANTIAGO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: February 13, 2020            Respectfully submitted,

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com